UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AARON GROSS,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**WARDEN NAGY, ET AL.,**<br><br>　　　　　Defendants. | **2:23-CV-10757-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br><br>**ORDER SUMMARILY<br>DISMISSING COMPLAINT<br>(ECF NO. 1)** |

　　　　Plaintiff Aaron Gross, a Michigan prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against three Michigan Department of Corrections staff in their official capacities. ECF No. 1. Plaintiff asserts that while he was confined at the G. Robert Cotton Correctional Facility ("Cotton Facility"), in Jackson, Michigan, he was confined in a small holding cell for 72 hours, causing him bruising, depression, and anxiety. *Id.* The Court granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1). For the reasons explained below, the Court will summarily dismiss the complaint for Plaintiff's failure to state a claim.

## I. BACKGROUND

　　　　The complaint alleges that on August 26, 2022, while Plaintiff was a prisoner at the Cotton Facility, Defendants Captain Rennells and Sergeant Heskett ordered Plaintiff to be placed in segregation. ECF No.

1

1, PageID.4–5. Because all the normal segregation cells were occupied, Plaintiff was instead placed in a temporary holding cage. Plaintiff asserts that the holding cage was four-by-four feet, it contained no mattress, and he spent nearly 72 hours on its cement floor. Plaintiff states he suffered bruising on his back, side, and neck. He also claims that his "depression, anxiety, and anger [were] amplified." Plaintiff claims he sent two medical kites regarding his injuries, but he was told to purchase over-the-counter medication. In addition to Rennells and Heskett, Plaintiff names Warden Nagy as a Defendant. Plaintiff seeks $250,000 in damages for physical and mental distress.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must sua sponte (which means, on its own without prompting by either party) dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A

complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

To state a federal civil rights claim, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Although the Court gives pro se litigants significant leeway, the plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of her grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–79).

## III. DISCUSSION

The Court interprets the complaint to be raising an Eighth Amendment conditions-of-confinement claim. To state a claim under the Eighth Amendment, an inmate must allege that he has been deprived "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Alleging that prison conditions "are restrictive and even harsh" does not suffice because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (conditions-of-confinement claim requires "extreme deprivations"). Temporary inconveniences are insufficient to state a claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff's complaint does not allege facts showing that the deprivations he experienced rose beyond the level of a temporary inconvenience. Though Plaintiff asserts he was kept in very cramped conditions for a three-day period, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) (distinguishing *Rhodes* from *Hutto v. Finney*, 437 U.S. 678, 683–685 (1978) where prisoners were overcrowded in punitive isolation cells and poorly fed with "an unpalatable substance called 'grue,'" a baked paste of mashed meat,

4

potatoes, margarine, syrup, vegetables, eggs, and seasoning that delivered fewer than 1,000 calories per day).

Plaintiff does not allege that he was denied adequate food, clothing, shelter, or other minimal necessities. *See Walker v. Mintzes*, 771 F.2d 920, 926 (6th Cir. 1985) (quoting that the basic needs of life are adequate food, clothing, shelter, sanitation, medical care, and personal safety). The internal grievance appeal response record, attached to the complaint, states that Gross received a shower and meals. ECF No. 1, PageID.16. And though the cell Plaintiff was confined to was quite small, he does not allege that its condition was otherwise deplorable. Conditions found to violate the Eighth Amendment are usually worse than what he alleges. *See, e.g., Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (prisoner forced to stay in feces-covered segregation cell with a urine-soaked mattress for three days stated a sufficient Eighth Amendment claim).

While being forced to sleep on the floor might eventually give rise to an Eighth Amendment violation, the three-day period described here resembles the kinds of conditions that courts have found to fall into the category of a temporary inconvenience, rather than cruel and unusual punishment. *See, e.g., LaPlante v. Lovelace*, No. 13-32, 2013 U.S. Dist. LEXIS 145870, at *17–19 (W.D. Mich. Oct. 9, 2013) (inmate's two-day stay in a holding cell without a mattress, pillow, hygiene supplies, permission to shower and with up to 14 inmates in 550 square feet and four of them sleeping on the ground did not rise to the level of an Eighth

Amendment violation); *Daugherty v. Timmerman-Cooper*, No. 10-01069, 2011 U.S. Dist. LEXIS 81939, at *13–14 (S.D. Ohio June 28, 2011) (a triple-celled inmate being forced to sleep on floor for 10-day period did not rise to level of Eighth Amendment violation).

By its very nature, segregation is less pleasant and more restrictive than general population. Segregation, however, is considered to be a routine discomfort that a prisoner might face as part of the penalty he must pay for his offense. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). And a brief period of confinement in such a restrictive cell such as the conditions described in the complaint does not fall below the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Dellis*, 257 F.3d at 511 (inmate's alleged deprivations of a lower bunk and working toilet along with flooding in his cell were merely temporary inconveniences). While the conditions described in the complaint may not rise to the level of cruel and unusual punishment, they are far less than ideal, and would be completely unacceptable if extended over time. Prison officials should ensure that minimal amenities such as a bunk and bedding are available to every inmate, whether in segregation or not.

The facts alleged in the complaint therefore do not state an Eighth Amendment claim and must be dismissed. But the Cotton Facility should do better.

## IV. CONCLUSION

Plaintiff's civil rights complaint will be summarily dismissed for failure to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.

The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

Dated: October 24, 2023        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE